UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICHOLAS D. STEWARD, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-043-JD-AZ |
| MATTHEW CLINE, | |
| Defendant. | |

OPINION AND ORDER

Nicholas D. Steward, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Steward alleges Detective Matthew Cline seized his cell phone "without a warrant, consent, or exigent circumstances" on June 27, 2023. ECF 1 at 5. Detective Cline then used the contents on the phone to create a probable cause affidavit. Based on that information, Steward was eventually charged with murder, attempted murder, two counts of aggravated battery, criminal recklessness committed with a deadly weapon, using a firearm in the commission of an offense in which death resulted, and battery by means of a deadly weapon. *See State v. Steward*, cause no. 02D05-2308-MR-000018 (Allen Sup. Ct. 5 filed Aug. 29, 2023), available online at: https://public.courts.in.gov/mycase (last visited May 20, 2025). The criminal case is still ongoing, and a trial is currently set to begin June 10, 2025. *Id.*

Steward claims the cell phone was "illegally obtained" in violation of the Fourth Amendment and cannot be used to form the basis of the criminal charges filed against him. ECF 1 at 6. He also claims that, following the alleged illegal seizure, he was subjected to "coercive interrogation tactics, leading him to waive his right to an attorney and provide an incriminating statement." *Id.* He believes the "integrity of the judicial process requires the exclusion of [that] evidence." *Id.* at 7. Steward provides an affidavit wherein he swears that he "did not commit the crimes" described above. *Id.* at 8. He has sued Detective Cline for "maximum ammount (sic) of punitive/injunctive relife (sic)/damages allowed by Federal law for every constitutional strike and any derivative violations." *Id.* at 4.

Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings."

2

*Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Potential claims that can trigger *Younger* include those arising from illegal searches, seizures, detentions, and prosecutions. *See Gakuba*, 711 F.3d at 753. "Generally—at least in the context of the *Younger* abstention doctrine—staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages." *Woodard*, 997 F.3d at 724; *see also Shaw v. County of Milwaukee*, no. 21-1410, 2022 WL 1001434, 2 (7th Cir. Apr. 4, 2022) ("district court should have stayed rather than dismissed [the plaintiff's] damages claims" pursuant to *Younger*) (citing *Gakuba*, 711 F.3d at 753). Here, Steward's claims—including whether Detective Cline was justified in seizing the cell phone, creating the probable cause affidavit, and interrogating Steward—"involve constitutional issues that may be litigated during the course of his criminal case." *Gakuba*, 711 F.3d at 753. "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id*. Therefore, a stay of this case is appropriate under *Younger*.

In addition to *Younger*, courts have inherent authority to stay a case where a litigant is effectively trying to litigate the same issues in two pending cases. Permitting such "parallel" litigation runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 588 U.S. 109, 120 (2019). Allowing a civil case to proceed while a criminal case is pending "opens up another can of worms, because civil discovery is much broader than criminal discovery—that is, criminal defendants can

3

learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). "The distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony." *Id.* Because Steward's criminal and civil cases have the same factual background, those concerns are present here.

Furthermore, Steward's assertions directly undercut the validity of the pending criminal charges—he swears under penalty of perjury that he "did not commit" any of the crimes. Any claim that necessarily implicates the validity of the charges brought against him cannot be brought while "criminal proceedings are ongoing," and instead become cognizable only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated[.]" *McDonough*, 588 U.S. at 119–20 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). The Supreme Court has instructed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would

4

impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.*[1]

Based on the foregoing, for the court to consider Steward's claims on the merits, he must first complete his underlying criminal case and then exhaust all of his appellate options in state court. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) ("Even though the state trial has ended, however, [the plaintiff's] federal damage action raises constitutional issues that are potentially subject to adjudication in his appeal to the state supreme court. . .. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process."); *see also Cannon v. Newport*, 572 Fed. Appx. 454 (7th Cir. 2014) ("*Younger* continues to apply while state criminal cases go through the appellate process.").

Accordingly, the court will stay and administratively close Steward's case at this time. When he has fully litigated his pending criminal case through the state system, he may file a motion with this court, asking to reopen the case. When that has occurred—and if he still wishes to proceed with this lawsuit—he must file a motion to lift the stay. Depending on the outcome of the criminal case, the court will determine at that time whether his civil claims may proceed. *See Wallace*, 549 U.S. at 394. If he does not move to lift the stay within 30 days of the final resolution of his criminal case, the stay will be converted to a dismissal without prejudice.

---

[1] The court is cognizant that some of Steward's claims may not necessarily implicate the validity of the criminal charges, including whether Detective Cline used coercion to convince Steward to waive his right to an attorney during the initial interrogation. However, what exactly transpired during the interrogation process is an issue that is likely to be litigated in the criminal case.

For these reasons, the court:

(1) STAYS this case pending the resolution of *State v. Steward*, cause no. 02D05-2308-MR-000018 (Allen Sup. Ct. 5 filed Aug. 29, 2023);

(2) ORDERS the plaintiff to file a motion to lift the stay within 30 days after his criminal case is fully litigated through every level of the state system;

(3) CAUTIONS him that if he does not do so, the stay will be converted to a dismissal without prejudice; and

(4) DIRECTS the clerk to STATISTICALLY CLOSE this case.

SO ORDERED on May 20, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT